UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WESLEY DANA PLANTE d/b/a<br>LAND PLAN ASSOCIATES,<br>Plaintiff, | : | |
| v. | : | CA 08-281 S |
| ARLENE EMBREY, TRIAL ATTORNEY<br>d/b/a MONETA CAPITAL CORPORATION,<br>RECEIVER FOR: THE U.S. SMALL<br>BUSINESS ADMINISTRATION AND THE<br>FORMER CR AMUSEMENTS, LLC,<br>Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the First Amended Complaint (Document ("Doc.") #4) of Plaintiff Wesley Dana Plante ("Plaintiff"). On July 28, 2008, Plaintiff filed an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"), among other documents. After reviewing the documents, the Court concluded that Plaintiff's filing was incomprehensible. The Court denied the Application without prejudice and directed Plaintiff to file a First Amended Complaint, setting forth in an understandable manner the basis for his claim, the relief he seeks, and the basis for the Court's jurisdiction. See Order Denying without Prejudice Application to Proceed in Forma Pauperis ("Order of 7/30/08") at 2.

On August 6, 2008, Plaintiff filed his First Amended Complaint. Although the Court is able to determine from this

document that Plaintiff is seeking monetary damages of $198,815.23, the basis for his claim remains largely incomprehensible. See id. Plaintiff appears to believe that Attorney Arlene Embrey committed some wrong against him, possibly by copying (or causing to be copied) some document or information which Plaintiff had previously provided to the U.S. Small Business Administration. See id. The Court's uncertainty regarding the nature and basis for Plaintiff's claim(s) is indicative of the lack of clarity of the First Amended Complaint. Thus, Plaintiff has not complied with the Order of 7/30/08.

The only remaining question is whether Plaintiff should be given a third opportunity to file a complaint which complies with Federal Rule of Civil Procedure 8(a).[1] In making this determination, the Court has considered the letter which Plaintiff attached to the First Amended Complaint. See First

---

[1] Federal Rule of Civil Procedure 8(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (bold added).

Amended Complaint, Attachment 1 (Letter from Plaintiff to Morriss of 4/4/05). The letter, apparently written by Plaintiff in April of 2005, is unclear and difficult to understand. Given that Plaintiff's recent filings are even less clear, allowing Plaintiff another opportunity to satisfy the requirements of Rule 8(a) is unlikely to result in a pleading which can be understood.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that Plaintiff's action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] See Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006)(noting that § 1915(e)(2)(B)(ii) authorizes a federal court, sua sponte,[3] to dismiss an action filed in forma pauperis if court determines that it fails to state a claim on which relief may be granted).

Any objection to this Report and Recommendation must be

---

[2] Section 1915(e)(2) states that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[3] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 1999).

specific and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt. See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 14, 2008

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).